# GUERINI STONE COMPANY

*v.*

# P. J. CARLIN CONSTRUCTION CO.

San Juan, Law, No. 891.

In an action by a subcontractor against a government building contractor for damages by reason of unwarrantable delay and interference of the latter, where such delay and interference were caused by the exercise by the government of its option of making changes and alterations in the footings of the foundation, evidence by the government building inspector that the government had ordered additional work or changes upon the foundation as originally planned is admissible, although the footings of the foundation formed no part of the subject-matter of the subcontract.

Opinion filed November 12, 1912.

*Messrs. E. S. Paine* and *N. B. K. Pettingill* for plaintiff.

*Mr. F. H. Dexter,* for defendant.

The ruling of the court on the following question asked the witness G. R. Berryman by counsel for the defendant on cross-examination: "As a result of the settling of the foundations, Mr. Berryman, is it not a fact that the Federal government, or the government of the United States, has ordered additional work or changes upon the foundations as originally planned?"

Guerini Stone Co. v. P. J. Carlin Construction Co.

CHARLTON, Judge, delivered the following opinion:

On December 10, 1910, a contract was entered into between the defendant company, as general contractor, and the United States of America, for the construction of a United States post-office and courthouse in the city of San Juan, Porto Rico. Subsequently, and upon December 16, 1910, a contract was entered into between the plaintiff's assignor, as subcontractor, and the defendant company and James Knox Taylor, who, it is admitted, was at that date supervising architect of the Treasury of the United States, for the construction of certain portions of the work covered by the general contract.

Various delays thereafter occurred in the construction of said building, and it is contended by each of the parties hereto that those delays were caused, in part or in whole, by the default and failure of the other, up to a period ending on the 9th day of March, 1912, upon which date the general contractor, the defendant here, was notified by the supervising inspector of said building, representing the government of the United States, to cease work upon said building, for the reason that it had been ascertained that certain defects in the foundation of the building existed under plans which had been attached to the original contract, which it was then desired to remedy and change. Thereupon the defendant, as general contractor, notified the plaintiff, as subcontractor, to cease the performance of any work upon said building.

It is also admitted that plaintiff company had knowledge of the existence of a contract between the defendant and the United States of America, covering the building in question, which was the subject of its subcontract; and the presumption of law

therefore arises that it had knowledge of the provisions of the general contract, among which was a provision beginning upon line 28 of page 6 of the general contract, as follows (the same, while not having been formally introduced, is considered to be introduced for the purposes of this motion) :—

"It is further covenanted and agreed that the United States shall have the right of suspending the whole or any part of the work herein contracted to be done, whenever in the opinion of the supervising architect it may be necessary for the purpose or advantage of the work. . . ."

Thereafter, and upon May 22, 1912, and during the suspension of work upon said building under the foregoing circumstances, the plaintiff company notified the defendant in writing that, by reason of such delay, and of other breaches alleged to have been committed by the defendant company, it elected to terminate its subcontract; and thereafter this action was brought by the plaintiff against the defendant for the purpose of recovering for amounts expended by it, together with damages which it alleged had accrued to it by reason of the failures and unwarrantable delays and interference of the defendant, and for sums alleged to be due it for work already performed upon said building and accepted.

It was provided in § 11 of the subcontract that the general contractors should provide all labor and materials not included in the subcontract, in such manner as not to delay the material progress of the work, and that in the event of their failure so to do, they should pay reasonable damages in money to the subcontractor for losses arising therefrom. Similarly, it was provided that the subcontractor would reimburse the general contractor for any loss occasioned to it by delay of the subcontractor.

Guerini Stone Co. v. P. J. Carlin Construction Co.

In § 7 of the said contract, provision was made for extension of time of performance in case of failure to complete by reason of delays caused without the neglect, delay, or default of the subcontractor, or by the act of God.

The uncontradicted evidence shows that, by reason of the election of the government to change the footings of the foundation, it would have been impossible for the subcontractor to do any of the work contemplated by the said contract between the 9th day of March, 1912, and the 1st day of November, 1912; and in the trial of the cause, upon the putting by counsel for the defendant of a question to plaintiff's witness, Mr. Berryman, the Federal inspector of the building, in relation to the changes and alterations in the footings of the foundation, counsel for the plaintiff objected on the ground that it was immaterial, as the subcontract did not obligate the plaintiff company to do any work upon the footings of the foundation, and that, therefore, their condition formed no part of the subject-matter of the contract, or of the complaint herein.

After argument of counsel and careful consideration of all the subject-matter, in view of the fact that the plaintiff company must be held to have had knowledge, before the execution of its subcontract, of all the provisions of the general contract, which contained, among other things, the provision for the option in the government to make such alterations in the course of construction as it should deem advisable, and in view of the fact that the delay in construction from March 9, 1912, to November 1, 1912, was wholly involuntary on the part of the general contractor by reason of the provision of option heretofore recited; the objection, in so far as it concerns solely questions as to the exercise of said option on the part of the government, is over-

Guerini Stone Co. v. P. J. Carlin Construction Co.

ruled, and the question is permitted to be answered, and an exception noted.